# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MONTGOMERY, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>CENTRALIA CORRECTIONAL )<br>CENTER, )<br>ROBERT MUELLER, )<br>SANTOS, )<br>WEXFORD HEALTH SOURCES<br>      Defendants. | Case No. 17−cv–0666−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Larry Montgomery, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to dismissal.

## **The Complaint**

Plaintiff fell ill on October 5, 2016, and was admitted to the health care unit. (Doc. 1, p. 6). He experienced shortness of breath, a stomach ache, constipation, a double hernia (possibly the cause of the other symptoms), vomiting, dizziness, and general weakness. *Id.* Plaintiff was sent to an outside hospital for treatment. *Id.* Plaintiff alleges that he complained of these symptoms for 2 months prior to his hospital admission, but his pain and suffering was ignored. (Doc. 1, p. 8).

Plaintiff was diagnosed with an umbilical hernia and poor kidney function. (Doc. 1, p. 7). Plaintiff underwent surgery for his hernia, and subsequently developed a blood clot in his lungs during recovery. *Id.*

Plaintiff believes his hernia is attributable to food poisoning, Doc. 1, p. 6, and alleges that he has been served expired yogurt, moldy bread, and spoiled food. (Doc. 1, p. 7). Plaintiff wrote grievances about his situation to the Warden, Robert Mueller. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Mueller was deliberately indifferent to Plaintiff's hernia and related symptoms in violation of the Eighth Amendment when he ignored his grievances;
>
> **Count 2 –** Plaintiff was served moldy and expired food which caused him to develop food poisoning in violation of the Eighth Amendment, and Mueller ignored Plaintiff's grievances on this point;

As an initial matter, Plaintiff has named Centralia Correctional Center as a defendant in this action, but Centralia is not a "person" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Centralia Correctional Center will be dismissed with prejudice as a defendant immune from suit.

Many of the other defendants must be dismissed at this time as well. Although Plaintiff named Santos, Garcia, and Wexford Health Sources as Defendants in his case caption, he did not include any allegations against them in the body of his Complaint. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Santos, Garcia, and Wexford elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Santos, Garcia, and Wexford will be dismissed from this action without prejudice. If Plaintiff files an amended complaint with specific facts tending to show that Santos, Garcia, and Wexford were involved in the deliberate indifference he complains of, the Court may permit him to proceed against those defendants.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the

defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here Plaintiff has alleged that he suffered from an umbilical hernia and loss of kidney function. He further alleges that his hernia required surgery to fix. Plaintiff has adequately alleged that his hernia and related issues constitutes a serious medical need. Although Plaintiff's allegations on the subjective component are thin, the Court also finds that he has adequately stated a claim at this time. Plaintiff alleges that he filed a grievance to the Warden, Robert Mueller alerting him to the situation, and Mueller did nothing. That scenario has been found sufficient to establish personal involvement in a constitutional violation. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). **Count 1** will proceed against Mueller at this time.

As to **Count 2**, correctional officials are obligated to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens,* 777 F.2d 1250, 1255

(7th Cir.1985), *cert. denied,* 479 U.S. 817, (1986) (quoting *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir.1980), *cert. denied,* 450 U.S. 1041 (1981)). Here Plaintiff has alleged that he was fed moldy and expired food and that he developed food poisoning. He also alleges that the Warden knew about his complaints through the grievance procedure and refused to act. **Count 2** will be allowed to proceed against the Warden.

### Pending Motions

Plaintiff's Motion for Leave to Proceed IFP will be addressed by a separate order. (Doc. 2). As this Order will direct service on Robert Mueller, Plaintiff's Motion for Service at Government Expense is **DENIED** as **MOOT**. (Doc. 3)

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** shall proceed against Robert Mueller. Centralia Correctional Center is **DISMISSED with prejudice** as an improper defendant. Santos, Garcia, and Wexford are **DISMISSED without prejudice**. Plaintiff's Motion for Service at Government Expense is **DENIED as MOOT** (Doc. 3).

The Clerk of Court shall prepare for Defendant **Mueller**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: August 17, 2017**

                                                   **s/ Michael J. Reagan**
                                                     **U.S. District Judge**