IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY MONTGOMERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:17-CV-00666-MAB ) |
| CENTRALIA CORRECTIONAL CENTER, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Larry Montgomery, an inmate in the Illinois Department of Corrections, filed this lawsuit in pursuant to 42 U.S.C. § 1983 alleging multiple Defendants violated his constitutional rights (Doc. 1). Defendant Robert Mueller (the remaining Defendant after the Court's threshold review pursuant to 28 U.S.C. § 1915A) filed a motion for summary judgment on June 3, 2019 (Docs. 41, 42). The motion was granted on October 2, 2020 and the case was closed the same day (Docs. 56, 57).

Now pending before the Court is Defendant's Bill of Costs. Defendant filed his Bill of Costs on October 29, 2020 seeking a total of $518.30 for transcripts (Docs. 58, 58-1).

Plaintiff filed an objection to the Bill of Costs on November 13, 2020 (Doc. 60). Plaintiff asserts he should not be required to pay costs because while ultimately unsuccessful, this was not a frivolous lawsuit. Additionally, he objects to the costs on "hardship grounds," as he does not have the ability or means to pay (*Id.*).

1

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.' " *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 7). Plaintiff did not provide any supporting information to his short objections detailing his current Trust Fund Balance or other financial information so the Court could assess his

2

current income, which is integral to the Court's determination of whether a plaintiff is incapable of paying costs. Even so, it is supported by the record that Plaintiff is incapable of paying *all* of Defendants' costs at this time as he is still currently incarcerated.

Turning to the amount of the costs, Defendants seek a total of $518.30. That sum, while not astronomical, is substantial to a prisoner proceeding *in forma pauperis*. Furthermore, the Court finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs as he has not submitted information about his current financial situation.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs since he has not submitted an affidavit with his current financial status outlined clearly for the Court, or other supporting materials and arguments, but will reduce the amount of costs to $103.66. This amount represents 20% of the requested costs, which the Court finds reasonable under the circumstances. The Court **ORDERS** an award of costs in the total amount of $103.66, and the Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

DATED: April 12, 2021

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**